### DUMBROSKI *v.* STATE.

Crim. 3981

Opinion delivered February 17, 1936.

*Fred A. Snodgress,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

MEHAFFY, J. This action was begun in the criminal division of the North Little Rock Municipal Court against the appellant, Ed Dumbroski, for wife and child abandonment. He was tried, convicted, and appealed to the circuit court of Pulaski County.

On October 17, 1935, he was tried in the circuit court and convicted, and his punishment fixed at a fine of $50, and the jury also made a finding that he was the father of the child of the prosecuting witness. He was tried under § 2596 of Crawford & Moses' Digest, and the circuit judge told the jury in one instruction: "The section of the law upon which this is based is as follows:", and then reads to the jury § 2596 of Crawford & Moses' Digest.

This section of the digest was amended by act 331 of the Acts of 1923. The title of this act is as follows: "An act to amend § 2596 of Crawford and Moses' Digest of the statutes of the State of Arkansas." The act then provides that act 52 of the Acts of 1909, which is § 2596 of Crawford & Moses' Digest, "be and the same is hereby amended to read as follows." The act then changes § 2596 in several particulars. The age of the child in the original act is 12 years, and in the amended act, 14 years. The punishment was changed.

It therefore appears that § 2596 of the digest was not the law at the time of the trial, and the court erred in reading it to the jury as the law upon which the charge was based.

In each of two instructions given by the court the words "without good cause" were omitted. The jury was told in effect that if they believed beyond a reasonable doubt from the testimony in the case that the defendant was the father of the child and that he neglected and refused to provide for and support it, and abandoned the same, he would be guilty as charged. The jury should have been told that if he neglected and refused to provide for the child and abandoned the same, without good cause, he would be guilty as charged. This error is in both instructions numbers 5 and 6.

If appellant abandoned his wife and child and had good cause to do so, he would not be guilty.

For the errors indicated, the judgment of the circuit court is reversed, and the cause remanded for a new trial.